# SAHELIAN LAW OFFICES

23046 Avenida De La Carlota, Suite 600 . Laguna Hills, CA 92653
949. 859. 9200 . FAX 949. 954. 8333 . e-mail: sahelianlaw@me.com

Wednesday, May 22, 2019

<u>VIA EMAIL rayballister@potterhandy.com</u>

Mr. Raymond Ballister
**CENTER FOR DISABILITY ACCESS**
PO Box 262490
San Diego, CA 92196-2490

**Re: Matter: Whitaker v Mac; Apro, LLC, Case Number: 2:19-cv-03002-ODW-E, UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles), Otis D. Wright, II
MEET AND CONFER ON MOTION TO DISMISS**

Dear Mr. Ballister,

Brian Whitaker, ("Plaintiff"), filed a lawsuit against defendants Apro, LLC, Bhupinder S. Mac, ("Defendants"), asserting claims for Complaint For Damages And Injunctive Relief For Violations Of: American's With Disabilities Act; Unruh Civil Rights Act during his visit to a filling station located at 14505 Ventura Blvd., Sherman Oaks, California, in March 2019 (hereinafter "Site").

The Complaint in its present form fails to state a claim. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U. S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The well-pleaded facts must do more than permit the Court to infer "the mere possibility of conduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

When determining whether a Complaint states a claim, the Court accepts all allegations of material fact in the Complaint as true and construes them in the light most favorable to the non-moving party. *Cedars-Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). But the Court is "not required to accept as true conclusory allegations, and does not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).

**The Complaint is Jurisdictionally Defective**

Plaintiff has not alleged the elements of standing in the ADA context. The Complaint is jurisdictionally defective and subject to dismissal under Federal Rule of Civil



Procedure 12(b)(1), "[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing." *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002) (internal quotation marks omitted); *accord United States v. Hays*, 515 U.S. 737, 742, 115 S. Ct. 2431, 132 L. Ed. 2d 635 (1995). The existence of Article III standing is not subject to waiver. *Hays*, 515 U.S. at 742. It must be demonstrated "at the successive stages of the litigation," *Lujan*, 504 U.S. at 561, and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). "[E]very federal appellate court has a special obligation to 'satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review.'" *Bender v. Williamsport Area Sch. Dist*., 475 U. S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986) (quoting *Mitchell v. Maurer*, 293 U.S. 237, 244, 55 S. Ct. 162, 79 L. Ed. 338 (1934)).

    The Complaint fails to sufficiently allege the essential elements of Article III standing. Although Plaintiff alleges that he is physically disabled, and that he visited the Site Plaintiff does not identify the date he visited the Site. He does not identify whether the subject paths of travel are located on the exterior or interior of the business. Plaintiff also fails to describe what he intended to purchase. Additionally, he fails to describe which aspect of the filling station caused him difficulty and discomfort, and how he experienced difficulty and discomfort. Plaintiff does not aver how often he visits this site or whether he has concrete plans to return, and for what reason. While he claims he encountered architectural barriers that denied him full and equal access, he does not allege how his disability was affected by the barriers so as to deny him the "full and equal" access that would satisfy the injury-in-fact requirement (*i.e.*, that he personally suffered discrimination under the ADA on account of his disability). Instead, the Complaint lists barriers known to him that he claims denied him access without connecting the alleged violations to Plaintiff's disability, or indicating how he encountered any one of them in such a way as to impair his full and equal enjoyment of the Site. Listing the barriers cannot substitute for the factual allegations required in the Complaint to satisfy Article III's requirement of an injury-in-fact. Plaintiff does not attempt to relate the alleged violations to his disability, instead leaves the Court and Defendant(s) to guess which, if any, of the alleged violations deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy when shopping at the Site. Nor does the Complaint identify how any of the alleged violations threatens to deprive him of full and equal access due to his disability *if he were to return to the Store*, or how any of them deter him from visiting the Site due to his disability.

    Because Plaintiff lacks standing at the outset of this litigation to assert the ADA claims, Defendant will seek to have the case dismissed. Fed. R. Civ. P. 12(b)(1). *Chapman v. Pier 1 Imps. (U.S.), Inc.*, 631 F.3d 939, 954.

    In addition, to establish standing to pursue injunctive relief, which is the only relief

available to private plaintiffs under the ADA, a plaintiff must demonstrate a 'real and immediate threat of repeated injury' in the future. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). More specifically, an ADA plaintiff can show a likelihood of future injury sufficient to justify injunctive relief (1) if he "intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier," or (2) if "discriminatory architectural barriers deter him from returning to a noncompliant accommodation." Id. at 950. While Plaintiff avers he intends to return to patronize the Site, Plaintiff has not averred the elements of standing, *i.e.,* imminent harm, by providing the address at which he resides, the distance from his residence to the Site, and the reason(s) why he intends to return.

Plaintiff seems to have brought a large number of cases in this District. Viewed as a whole, his allegations in these cases about the businesses he has attempted to patronize in different parts of the State strain credulity. Plaintiff is not interested in patronizing the businesses he is suing, and lacks standing to bring an ADA claim.

**This Case Rightfully Belongs in State Court.**

The Court has discretion to decline supplemental jurisdiction under certain circumstances, including for "compelling reasons" not enumerated. 28 U.S.C. § 1367(c)(4). The Ninth Circuit has held that claims based on state laws that incorporate the ADA by reference do not arise under federal law within the meaning of 28 U.S.C. §1331, reasoning that Congress intended that such ADA violations not give rise to a federal cause of action for damages. Plaintiff will undoubtedly request that the Court exercise supplemental jurisdiction to hear the UNRUH claims on the basis of judicial economy, but the Supreme Court has stated, and the Ninth Circuit has "often repeated, that 'in the usual case in which all federal- law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997).

In 2012, California heightened the pleading requirements to require specificity and verification of Complaints (SB 1186, CCP § 425.50) in an attempt to deter baseless claims and vexatious disability discrimination litigation. High-volume plaintiffs are made to pay an additional $1,000 for each case filed over 10 cases, within a 12 month period.

This case rightfully belongs in State Court, as Plaintiff has filed a large number of disability discrimination cases in a relatively short time. Plaintiff has engaged in forum shopping, filing claims in Federal Courts as an "end-around" to State procedural protections. A Complaint filed on behalf of a high-frequency litigant, in a California State Court, must state whether the Plaintiff is a high-frequency litigant, the number of Complaints alleging a construction-related accessibility claim that the high- frequency litigant has filed during the 12 months prior to filing the Complaint, the reason a plaintiff was in the geographic area of the defendant's business, and the reason why he desired

to access the Defendant's business, including the specific purpose. Moreover, the Complaint must be verified, and if not, it is subject to a motion to strike. A Complaint filed by a high-frequency litigant must state in the caption "ACTION SUBJECT TO THE SUPPLEMENTAL FEE IN GOVERNMENT CODE SECTION 70616.5," and it must be signed by the Plaintiff. Plaintiff has skirted these requirements by filing in District Court.

California has a strong interest in protecting its citizens and businesses from abusive litigation and also in preventing its own laws from being misused for unjust purposes. Plaintiff should not be permitted an "end- around" to SB 1186's reforms. Plaintiff should file these cases in State Court if he seeks to reap the benefits of the Unruh Civil Rights act, and should pay the additional $1,000 filing fee per case required to initiate these suits. Plaintiff has filed over 100 cases. He has in effect shortchanged the state of California an amount exceeding $150,000 in fees.

I am available to discuss these issues before we file our motion to dismiss.

Yours truly,



Ara Sahelian, Esq.

**From:** **Chris Carson** chrisc@potterhandy.com
**Subject:** RE: MEET AND CONFER ON MOTION TO DISMISS Whitaker v Mac; Apro, LLC, Case Number: 2:19-cv-03002-ODW-E
**Date:** May 23, 2019 at 1:03 PM
**To:** Ara Sahelian sahelianlaw@me.com, Phyl Grace phylg@potterhandy.com, Dennis Price dennisp@potterhandy.com, Chris Seabock chriss@potterhandy.com, Azenith Viojan azenithv@potterhandy.com



Thank you for your detailed meet and confer letter, which I have reviewed. Plaintiff will oppose your motion. You may consider your meet and confer obligation met. Please note that Plaintiff visited the property on March 30, 2019, at or about 1:25 pm. If Defendant has any video surveillance footage from that date, please make sure it is preserved. Thank you.

Chris Carson
*Attorney*
ChrisC@PotterHandy.com
Ph: (858) 375-7385
Fx: (888) 422-5191
**POTTER HANDY, LLP**
*Mailing Address:*
P.O. Box 262490
San Diego, CA 92196-2490
*Delivery Address:*
9845 Erma Road Suite 300
San Diego, CA  92131

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to info@potterhandy.com. Tax Opinion Disclaimer: To comply with IRS regulations, we advise that any discussion of Federal tax issues in this E-mail was not intended or written to be used, and cannot be used by you, (i) to avoid any penalties imposed under the Internal Revenue Code or, (ii) to promote, market or recommend to another party any transaction or matter addressed herein.

**From:** Ara Sahelian [mailto:sahelianlaw@me.com]
**Sent:** Wednesday, May 22, 2019 4:52 PM
**To:** Ray Ballister <rayballister@potterhandy.com>; Phyl Grace <phylg@potterhandy.com>; Dennis Price <dennisp@potterhandy.com>
**Cc:** Chris Carson <chrisc@potterhandy.com>; Wesley Cwiklo <wesleyc@potterhandy.com>; Cameron Johnson <cameronj@potterhandy.com>; sahelian <contact@sahelianlaw.com>
**Subject:** MEET AND CONFER ON MOTION TO DISMISS Whitaker v Mac; Apro, LLC, Case Number: 2:19-cv-03002-ODW-E

Matter: Whitaker v Mac; Apro, LLC, Case Number: 2:19-cv-03002-ODW-E, UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA (Western Division - Los Angeles), the honorable Otis D. Wright, II

MEET AND CONFER ON MOTION TO DISMISS

Correspondence attached

Regards,

Ara Sahelian, Esq.
SAHELIAN LAW OFFICES
23046 Ave de la Carlota,
Ste 600
Laguna Hills, CA 92653
SAHELIANLAW.COM
Direct : 949 859 9200
Fax : 949 954 8333
email : sahelianlaw@me.com

This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply and delete the message.